

# THE ATTORNEY GENERAL
## OF TEXAS

March 20, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable William L. Ferguson
District Attorney
Rusk County Courthouse
Henderson, Texas    75652

Opinion No. JM-651

Re:  Status of office of county
school superintendent in Rusk
County after December 31, 1982

Dear Mr. Ferguson: .

You ask about the status of the office of county school superintendent in Rusk County after December 31, 1982. We conclude that the office has not existed since that date.

Chapter 478, Sixty-fourth Legislature, 1975, amended chapter 17 of the Texas Education Code by adding subchapter G which terminates state fiscal support for county school administration. Effective December 31, 1978, section 17.95 of subchapter G expressly abolished those county school officers and boards, including the office of county school superintendent that were not supported by ad valorem tax revenue generated under the provisions of chapter 18 of the Education Code or by a voluntary local contract among the independent school districts of a county . See Bill Analysis to H.B. No. 226, 64th Leg., prepared for House Committee on Public Education, filed in Bill File to H.B. No. 226, Legislative Reference Library. Chapter 18 of the Education Code authorizes the voters of a county to create a county unit system whereby an additional countywide school district exercises taxing powers for all school districts in the county. See Educ. Code §18.01; Attorney General Opinion H-1103 (1977).

This office previously determined in Attorney General Opinion H-1103 that section 17.95 abolished certain county school offices, including county school superintendent, only if they were not supported by ad valorem tax revenue generated under the provisions of chapter 18 or by voluntary local contract. You advise us that Rusk County has a county unit system of taxation. Hence, we agree with your conclusion that the office of county school superintendent in Rusk County was not abolished on December 31, 1978 by section 17.95. It is our opinion, however, that the office has not existed since December 31, 1982.

The office of county school superintendent was created by state statute. Chapter 111, enacted by the Thirtieth Legislature, provided that

> the office of County Superintendent of public
> instruction is hereby created, and the commis-
> sioners' court of every county in the State having
> three thousand scholastic population as shown by
> the preceding scholastic census, shall provide for
> the election of a County Superintendent of public
> instruction at each general election. . . .

Acts 1907, 30th Leg., ch. 111, §1, at 210.  Prior to its codification
as article 2688, Revised Civil Statutes of Texas, 1925, the substance
of that 1907 act was codified as article 2750, Revised Civil Statutes,
1911.  In 1969, the pertinent part of article 2688 was incorporated,
without substantive change, in the Texas Education Code as follows:

> SUBCHAPTER C.  COUNTY SUPERINTENDENT
>
> §17.41.  Office Established:  Counties With 3,000
> or More Scholastics
>
> (a)  Except as provided by Section 17.45 of
> this code, the commissioners court of every county
> having 3,000 scholastic population or more, as
> shown by the preceding scholastic census, shall at
> a general election provide for the election of a
> county superintendent to serve for a term of four
> years.

Educ. Code §17.41 (1969) (repealed 1979).  The exception provided by
section 17.45 states that in counties with a population of more than
350,000, the county superintendent shall be appointed by the county
board of education.  Since Rusk County has a population of 40,691
according to the last preceding federal census, the office of county
school superintendent of Rusk County was established and filled by the
authority of section 17.41(a).  See Marfa Independent School District
v. Davis, 102 S.W.2d 283 (Tex. Civ. App. - El Paso 1937, writ ref'd)
(establishment of office of county school superintendent under article
2688, R.S. 1925); Miller v. Brown, 216 S.W. 452 (Tex. Civ. App. - El
Paso 1919, writ ref'd) (creation of office of county superintendent
under article 2750, R.C.S. 1911).

Between 1907 and the repeal of section 17.41 in 1979, state law
required the election of a person to occupy the office of county
superintendent in a county covered by section 17.41 and its predeces-
sors, unless the office had been abolished.  See Educ. Code §§17.95
(abolition of the office in many counties by statute); 17.64 (aboli-
tion of the office by voters at election held for that purpose).  The
Sixty-sixth Legislature in 1979 expressly repealed section 17.41 of
the Education Code.  Acts 1979, 66th Leg., ch. 729, §9, at 1796.  The
term of office of the last person elected to the office of county
school superintendent in Rusk County expired on December 31, 1982 and

the office ceased to exist. But see Educ. Code §§17.03 (elections of county school trustees and members of county boards of education); 17.45, 17.46 (provisions for appointment of county superintendent not applicable to Rusk County). It is our opinion that the repeal of section 17.41 does not affect the appointment of a county superintendent by the county board of education in counties of more than 350,000, as provided by section 17.45 of the Education Code.

You point out that in spite of the repeal of section 17.41, certain statutory duties performed by a county school superintendent remain in unrepealed statutes that are applicable in counties that continue to operate under the county unit system. See Educ. Code §§17.62, 18.14(e). You suggest that the county judge should perform such statutory duties in Rusk County. We agree that the county judge, serving as ex officio county superintendent, is authorized to perform the duties that by statute are required to be performed by the office of county superintendent.

Section 17.47 of the Education Code provides that

> [i]n any county in which no county superintendent has been elected or appointed, the county judge shall be ex officio county superintendent and shall perform all the duties required of that office. (Emphasis added).

This office previously concluded that section 17.47 applies only in a county where the office of county school superintendent does not exist, either because the office was not created or because the office was abolished. Section 17.47 was not intended to be a method of filling a vacancy in the office of county school superintendent. See Attorney General Opinions H-633 (1975); M-733 (1970). Since we conclude, however, that the office of county superintendent no longer exists in Rusk County, it is our opinion that the county judge in that county is authorized to perform duties required by statute of an elective county superintendent. Cf. Educ. Code §17.64(b) (where voters approved abolition of office of county superintendent at election held for that purpose under section 17.64(a), duties of such abolished office as may still be required by law shall vest in the county judge in ex officio capacity).

In a county where county school trustees or a county board of education are administering a county unit tax system pursuant to chapter 18 of the Education Code, such school trustees or board of education are responsible for the general management, supervision, and control of the countywide tax district and are not precluded from employing reasonable and necessary staff to assist with their duties and the proper function of the county unit system. See Educ. Code §18.06.

## S U M M A R Y

The office of county school superintendent in Rusk County is abolished by repeal of section 17.41 of the Education Code. The county judge, serving as an ex officio county superintendent, is authorized to perform duties that by statute are required to be performed by the office of county school superintendent.

Very truly yours

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Nancy Sutton
Assistant Attorney General